IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| KIMBERLY R. SIMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:09cv366-CSC |
| ) | (WO) |
| MICHAEL J. ASTRUE, ) | |
| COMMISSIONER OF ) | |
| SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION and ORDER**

On October 18, 2010, the plaintiff filed a motion for attorney fees pursuant to the Equal Justice Act, 28 U.S.C. § 2412(d). (Doc. # 19). She seeks an award of attorney fees in the amount of $2,534.50. (*Id*.) The defendant objects to an award of attorney's fees because the Commissioner argues that his position in this case was substantially justified.

Under the Equal Access to Justice Act, a private litigant who prevails against the government is entitled to attorney's fees unless the position of the government was "substantially justified" or special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A).

> EAJA fees are available only when the government's position is not "substantially justified." Thus, EAJA fees are not available every time a claimant prevails-only when the Commissioner's position lacks "a reasonable basis in law and fact." *Pierce v. Underwood,* 487 U.S. 552, 566 n. 2, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988).

*Bergen v. Commissioner of Social Sec*. 454 F.3d 1273, 1277 (11th Cir. 2006)

"The government's position is substantially justified under the EAJA when it is 'justified to a degree that would satisfy a reasonable person' – i.e. when it has a reasonable basis in both law and fact." *United States v. Douglas*, 55 F.3d 584, 588 (11th Cir. 1995) (quoting *Pierce*, 487 U.S. at 565). "The government bears the burden of showing that its position was substantially justified." *City of Brunswick, Ga. v. United States*, 849 F.2d 501, 504 (11th Cir.1988).

> The burden of establishing "that the position of the United States was substantially justified," § 2412(d)(1)(A) indicates and courts uniformly have recognized, must be shouldered by the Government. See, *e.g., Pierce v. Underwood,* 487 U.S. 552, 567, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988); *id.,* at 575, 108 S.Ct. 2541 (Brennan, J., concurring in part and concurring in judgment); *Davidson v. Veneman,* 317 F.3d 503, 506 (C.A.5 2003); *Lauer v. Barnhart,* 321 F.3d 762, 764 (C.A.8 2003); *Libas, Ltd. v. United States,* 314 F.3d 1362, 1365 (C.A.Fed.2003). See also H.R.Rep. No. 96-1005, at 10 ("[T]he strong deterrents to contesting Government action that currently exis[t] require that the burden of proof rest with the Government.").

*Scarborough v. Principi ,*541 U.S. 401, 414-415 (2004).

The Commissioner argues that his litigation position was substantially justified because, although he "acknowledges the ALJ's duty to develop the record when the evidence is incomplete or not available, . . . the record as whole included other updated medical evidence." (Def's Res., doc. # 21, at 3-4). The court disagrees that the Commissioner's position was substantially justified.

It has long been the law of this circuit that when additional tests or x-rays are needed to make an informed decision, it is error for the ALJ to fail to secure that additional medical evidence. *See Reeves v. Heckler*, 734 F.2d 519 (11th Cir. 1984) (error for ALJ not to order

consultative examination where the evaluation is needed to make an informed decision). Social Security proceedings are inquisitorial rather than adversarial. It is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits. *Sims v. Apfel*, 530 U.S. 103, 110-111 (2000). Moreover, the Commissioner's own regulations require current medical evidence to establish disability. "Your impairment must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques. A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by your statement of symptoms." 20 C.F.R. § 404.1508. The Commissioner's position cannot be substantially justified when he failed to comply with his own regulations to adequately develop the record in this case by securing additional medical evidence about the extent of the plaintiff's physical impairments. Thus, the ALJ erred as a matter of law, and the position of the Commissioner did not have a reasonable basis in law or fact. *Pierce* requires that the government's position be reasonable *both* in fact and law to be substantially justified. Thus, the court concludes that the Commissioner's position was not substantially justified, and the plaintiff is entitled to an award of fees under EAJA.

The plaintiff seeks fees of $2,534.50. The Commissioner does not challenge any of the hours expended by counsel as unreasonable or otherwise improper. Accordingly, it is

ORDERED that, pursuant to the EAJA, the plaintiff's motion for attorney's fees (doc. # 19) be and is hereby GRANTED and the plaintiff be and is hereby awarded fees in the

amount of $2,534.50.  It is further

ORDERED that, to the extent that plaintiff's counsel requests that fees should be awarded to directly to counsel, that motion be and is hereby DENIED.  *See* 28 U.S.C. § 2412(d)(2)(B) (authorizing the court to award fees to the prevailing party).  *See also Astrue v. Ratliff*, — S.Ct. —, 2010 WL 2346547 (2010) (the Court unambiguously held that attorney's fees are awarded to the prevailing litigant, not to prevailing litigant's attorney); *Reeves v. Astrue*, 526 F.3d 732, 738 (11th Cir. 2008) ("attorney's fees are awarded to the prevailing party, not to the prevailing party's attorney.")

Done this 30th day of December, 2010.

       /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE